**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America**, | ) | |
| | ) | **CASE NO. 5:10 CR 00490** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **Franklin D. Conley,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 49) For the following reasons, the defendant's motion is DENIED.

**FACTS**

Defendant entered into a plea agreement in April 2011, whereby he pled guilty to being a felon in possession of a firearm. In August 2011, defendant was sentenced to 46 months imprisonment and a three year term of supervised release. Defendant did not file an appeal of

the judgment.

In October 2016, defendant was found to be in violation of his supervised release. His supervised release was revoked and he was sentenced to 24 months imprisonment, to run consecutive to the sentence imposed in case 5:15 CR 254-01. Defendant filed a direct appeal of this judgment. The Sixth Circuit affirmed the order revoking his supervised release.

On January 14, 2020, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which is now pending before the Court. (Doc. 49)

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Defendant's motion sets forth one ground for relief, i.e., that his felon in possession conviction should be vacated in light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that in prosecutions under 18 U.S.C. § 922(g), the government

"must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Defendant argues that, under *Rehaif*, because the indictment did not allege his knowledge of his prior felony conviction, his plea was not intentionally, voluntarily, and knowingly given.

Defendant's claim fails to warrant § 2255 relief. *Rehaif* was decided almost eight years after defendant's conviction became final in 2011. Defendant maintains that *Rehaif* has been made retroactive and, therefore, his § 2255 motion is timely. The Court disagrees. The Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 Fed.Appx. 344, 349 (6th Cir. 2020). Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review. *See Wright v. United States*, 2020 WL 718237, *2 (W.D.Tenn. 2020); *United States v. Mock*, 2019 WL 6324625, *6-7 (S.D. Ohio 2019); *United States v. May*, 2019 WL 6310195, *2 (S.D. Ohio 2019); *Moore v. United States*, 2019 WL 4394755, *2 (W.D. Tenn. 2019); *Abernathy v. United States*, 2019 WL 5268546, *5 n. 3 (E.D. Tenn. 2019). Additionally, circuit courts of appeal have determined the same. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *In re Sampson*, 954 F.3d 159, 161(3rd Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Accordingly, *Rehaif* cannot provide defendant relief in this collateral proceeding.[1]

---

[1] The Government asserts that defendant's claim is procedurally defaulted because defendant did not raise it on direct appeal. In his reply brief, defendant attempts to establish cause and prejudice to excuse procedural default. The Court need not address these arguments because it finds that *Rehaif* does not apply retroactively to cases on collateral review.

For these reasons, defendant's asserted ground does not warrant relief under § 2255.

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/3/20