UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America**, | ) | |
| | ) | **CASE NO. 5:10 CR 490** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **Franklin D. Conley,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon remand by the Sixth Circuit to address the merits of defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 49). *Franklin D. Conley v. United States of America,* No. 20-3887 (6th Cir. February 11, 2022). For the following reasons, the defendant's motion is DENIED.

**Facts**

Defendant entered into a plea agreement in April 2011, whereby he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In August 2011, defendant

was sentenced to 46 months imprisonment and a three year term of supervised release. Defendant did not file an appeal of the judgment.

In October 2016, after his release from prison, defendant was found to be in violation of his supervised release. His supervised release was revoked and he was sentenced to 24 months imprisonment, to run consecutive to the sentence imposed in his new case, Case Number 5:15 CR 254-01. Defendant filed a direct appeal of this judgment. The Sixth Circuit affirmed the order revoking his supervised release.

This matter is now before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Court permitted further briefing by the parties following remand. However, nothing further was filed.

**Standard of Review**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Discussion**

Defendant's motion sets forth one ground for relief, i.e., his felon in possession conviction should be vacated in light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif,* the Supreme Court held that in prosecutions under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif,* 139 S. Ct. at 2194. Defendant argues that, under *Rehaif*, because the indictment did not allege his knowledge of his prior felony conviction, his plea was not intentionally, voluntarily, and knowingly given. Defendant maintains that "the indictment did not allege that Mr. Conley was aware that he was prohibited from possessing a firearm... It did not speak to Mr. Conley's knowledge that he was convicted of a disqualifying felony." (Doc. 53 at 1-2).

The Sixth Circuit found that defendant procedurally defaulted his claim but that this Court should determine whether he could show prejudice to excuse the default. Prejudice is lacking where the record clearly establishes the requisite knowledge of the prior felony conviction. *Franklin D. Conley v. United States of America,* No. 20-3887 (6th Cir. February 11, 2022). Here, the record does establish knowledge of defendant's felony status when he possessed the gun. Defendant was sentenced in 2007 in state court to 18 months in prison for cocaine trafficking, a felony. Although the court suspended the sentence and placed him on community control, he violated the community-control terms and was ordered to serve the original 18 month sentence. While serving that sentence, he requested again that the state court judge suspend the sentence in favor of community control. The request was denied but ultimately granted shortly thereafter. Thus, the record shows that defendant had knowledge that he had been sentenced to a term of imprisonment greater than one year. (PSR, revised June 16, 2011, at 13-14).

Additionally, the indictment specified that defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant did not dispute his felony status and, in fact, admitted it in pleading guilty.

Accordingly, defendant's *Rehaif* argument fails and he is not entitled to relief under § 2255.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 5/17/22